# Hesser *against* Steiner.

In *assumpsit* on a promise to pay the debt of another in consideration of forbearance, the fact that the debt was not due at the time of the promise, or that it was voidable in consequence of the infancy of the debtor, or that it was barred by the Act of Limitation, furnishes no defence to the action.

**ERROR** to the Common Pleas of *Berks* county.

J. & J. P. Steiner against Abraham Hesser. This was an action of *assumpsit* founded upon the promise of the defendant to pay the debts of his son, James B. Hesser. The plaintiffs gave in evidence the negotiable note of James B. Hesser to the plaintiffs for $122.55, payable at the Exchange Bank of Pittsburgh in June 1839, and then called a witness who testified as follows:—" In May 1839, Abraham Hesser came to Philadelphia. I had written him a letter to come down. His son was in Philadelphia a few days before. Abraham Hesser met Dorney and myself at Dorney's house. He told us he would take his son's business, who was then insolvent and in difficulty, in his own hands; he would either go in person or engage some one to go in his place, and make collections of James's outstanding debts, and so soon as that could be done, he would pay over to the creditors their respective claims. He also desired Dorney and myself to take the goods James had yet on hand and dispose of them at public or private sale, and place the proceeds to his son's credit. His son was then a debtor to us. He further requested me to call on his other creditors, and state to them that he would take his son's business in his own hands, and pay their different amounts as fast as collections could be made; desiring me further to say, that no one of his creditors should lose by his son, that his father would see them all paid; all that he desired was time to make the collections and convert the goods into money. I suggested he should go with me to see his son's creditors upon the subject. He declined, but urged me to go; he wanted to leave the city early the next morning and return home. I told Hesser when he came to the city that some of his son's creditors threatened·to push him; the old gentleman thanked me for writing to him. I went to the creditors, called on J. & J. P. Steiner. They, of course, were pleased to accept of the old gentleman, and perfectly willing to give him the time that he asked."

The court below (BANKS, President), referred to the jury as matter of fact, what the promise of the defendant was, instructing them, that neither the minority of James B. Hesser when the

note was given, nor the fact of its not being due when the promise was made, furnished any legal defence to the plaintiff's action.

*Smith*, for plaintiff in error, argued, that inasmuch as the note could not have been recovered from the drawer himself, it was not a good consideration by a third person to pay it; and cited 11 *Serg. & Rawle* 310; 2 *Strange* 1083; 1 *Atk.* 146; 2 *Nott & M'Cord* 525; 7 *Watts* 238; 10 *Johns.* 33; 1 *Ld. Raym.* 443; 4 *Watts* 412.

*Strong* and *Davis*, contra, contended, that no one could take advantage of the infancy of the drawer but himself, or some one affected by his act. 2 *Hen. Bl.* 511; *Strange* 937; 2 *Maule & Selw.* 205; 6 *Taun.* 118; 1 *Burr.* 1794; 7 *Cow.* 179; 5 *Barn. & Ald.* 147.

The opinion of the Court was delivered by

ROGERS, J.—Although we are not without a strong impression that it never entered into the mind of the defendant to make himself personally liable for the debts of his son, and that the agreement only extended to a promise that he would attend to the settlement of his affairs and pay the amount collected over to his creditors, yet we perceive nothing in the record which will justify the court in reversing the judgment. If the case came before us on a motion for a new trial, the result might be different, as we are of opinion, that to make a man answerable for the debts of another, the testimony should be more clear, definite, positive and unambiguous, than the testimony on which the plaintiff relies. There is, however, nothing in the charge, to which exception can be taken. The law is stated by the Judge in a clear, plain, and intelligible manner, and if the defendant is injured, it is not the fault of the court. There is *some* evidence, that the defendant undertook to pay the plaintiff, if he would forbear to sue his son, some testimony that Hesser constituted Anspach his agent to make the contract, and enough to justify the court in leaving it as a fact to be decided by the jury, whether the defendant might have collected his son's debts. The only part of the charge which created the least hesitation, was that part of it, where the court instructed the jury that James B. Hesser, being a minor when the note was given, and the note being negotiable, and given in the course of trade and not for necessaries, furnished no defence to the suit. But in this point we are also satisfied. It is useless to make a parade of authorities. They have all been cited at the bar. They prove, that the note, although negotiable and given under the circumstances stated, is not void, but voidable, and that such a note is a sufficient consideration, with an agreement to forbear to sue it, for a promise to pay by a third person. It bears a sufficient consideration on its face, and is therefore the foundation of a promise; for *non constat* that infancy will be pleaded, and infancy, the Act of Limitations, and the like, can only be taken advantage

of by the infant himself, or persons to be affected by it. There is nothing in the suggestion, that because the note was not due at the time the promise was made, it is without consideration. It is enough it was due when the suit was brought. There is nothing in the other exceptions which I have examined, which deserves a particular notice. We shall, therefore, dismiss them with the remark, that they have not been sustained.

Judgment affirmed.