## George Burst, Appellant, *v.* Adam Weisenborn.

*Beneficial relief associations—Death benefits.*

Death benefits in a relief association are to be disposed of, under the rules and regulations of the society—and the beneficiary takes no vested right until the death of the assured.

*Designation of beneficiary by a minor.*

Designation of a beneficiary by a member of a benefit society is an act testamentary in its character and the same rules of construction apply as in the case of other testamentary writings.

Where the contributory decedent was a minor, any designation by him of a beneficiary is voidable, and upon his death, while still a minor, the case must be treated as if no designation had been made.

Argued Jan. 21, 1896.   Appeal No. 24, Jan. T., 1896, from judgment of C. P. Luzerne County, Oct. T., 1894, No. 1223, in favor of defendant, on case stated on a feigned issue.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Case stated in a feigned issue to determine the right of property in a fund of $417, paid into court by the Phila. & Reading Railroad Relief Association arising from the death of John K. Weisenborn, a minor son of Adam Weisenborn, the defendant.

The facts are fully set out in the opinion of the Superior Court.   The court below, BENNETT, J., directed that judgment be entered for defendant.

*Error assigned* was entry of judgment for defendant.

*S. S. Herring, P. F. Loughran* with him, for appellant.—If there is nothing in the constitution and by-laws of the organization, or in the statute law of the state, restricting the appointment, the member may designate whomsoever he pleases and no one can question the right: Basye v. Adams, 81 Ky. 368; Massey v. Mut. Rel. Asso., 102 N. Y. 523; 7 N. East. Rep. 619; Freeman v. Nat. Benefit Soc., 42 Hun, 252; Sup. Lodge v. Martin, 12 Ins. L. J. 628; Sup. Lodge v. Martin, 13 W. N. C. 160; Mulderick v. United Workmen, 155 Pa. 505.   The relief

association is not seeking to take advantage of the son's minority and no one else can claim this privilege: Knights of Honor v. Watson, 64 N. H. 517.

*B. McManus*, for appellee.

OPINION BY WILLARD, J., February 20, 1896:

This is an appeal from the judgment of the court of common pleas of Luzerne county upon a case stated in said court. John K. Weisenborn in his lifetime was a member of an association known and styled as the Philadelphia & Reading Railroad Relief Association. Upon his death the Relief Association became liable to pay the sum of $417.50, either to Adam Weisenborn, the father of the deceased, or to George Burst, his uncle. These two last named parties being applicants for and claiming the fund, the Relief Association on the twelfth day of September, 1894, filed its petition in the court of common pleas of Luzerne county praying for permission to pay the said sum into court, and for an interpleader to determine to whom the same should be paid. On September 19, 1894, the said court made the following order: "The court grants the relief prayed for, and on payment of the said money to the court releases said association from further responsibility in regard to said money, and directs a feigned issue to be framed in which George Burst is the plaintiff and Adam Weisenborn the defendant, to determine the right of property in said fund; and the court reserves the question as to all further orders." On October 11, 1894, $417.50, was paid into court in pursuance of the order of September 19, 1894, whereupon the parties agreed upon the following case stated:

"First. That John K. Weisenborn, deceased, was the minor son of Adam Weisenborn, the defendant in this suit, and resided with his father in West Hazleton, Luzerne county, until 1892; being then about seventeen years of age.

"Second. That without acquainting his father of his intentions, he left his home in West Hazleton, and entered into the employment of the Philadelphia & Reading Railroad at Philadelphia as brakeman.

"Third. That in conjunction with said employment he filed an application in and became a member of the Philadelphia &

Reading Railroad Relief Association, agreeing that a part or portion of the wages earned by him in said employment, be retained monthly as fees, in order that he might obtain the benefits accruing from being a member of said association, as explained in said application, copy of which is herewith submitted.

" Fourth. That John K. Weisenborn was a member of said association at the time of his death; and that the application for membership herewith submitted and hereto attached is submitted to be an exact copy of the original application; and is to be considered as the original application for all purposes of this case.

" Fifth. That the rules and regulations of said association submitted herewith, together with said application, is what it purports to be on its face, viz: Regulations governing the Philadelphia & Reading Relief Association, and as such, is evidence in, and a part of this case.

" Sixth. That George Burst, the plaintiff, is an uncle of the said John K. Weisenborn, deceased, and resides at Hazleton, aforesaid, and is the person named as the beneficiary in the application of John K. Weisenborn, for membership in said association referred to, and submitted in this case.

" Seventh. That on the     day of November 1893, the said John K. Weisenborn, deceased, while in his employment under said Philadelphia & Reading Railroad Company, received injuries from which he died on the 23d of November, 1893, at Saint Francis Hospital, in Trenton, New Jersey, where he had been conveyed for treatment.

" Eighth. That on the     day of November, 1893, being notified by, and at the request of his dying son, Adam Weisenborn, the defendant, immediately repaired to the Saint Francis Hospital, in Trenton, New Jersey, and had the remains of his son, John K. Weisenborn, conveyed to his home at Hazleton, and interred in the family lot in the cemetery; bearing the consequent expenses of said removal and burial.

" Ninth. That the said John K. Weisenborn was a contributor to the fund of the said Relief Association during his membership therein, and at the time of his death; and was also at said times an employee of the Philadelphia & Reading Railroad Company.

" Tenth. That from the facts herewith stated; and the application for membership; and the regulations herewith submitted, the said parties to this suit made separate claims for the death benefit or fund, payable by the said Relief Association, upon the death of the said John K. Weisenborn; and the said association not knowing to whom to pay the same, petitioned as above set forth, and by leave of court paid in $417.50; the same being the death fund or benefit referred to, less certain expenses consequent to the death and burial of the said John K. Weisenborn, deceased.

" Eleventh. If the court be of opinion that George Burst, the plaintiff in this suit, be entitled to said fund, then judgment is to be entered for the plaintiff; but if not, then judgment is to be entered for the defendant; the costs to be first deducted from the fund; and either party reserving the right to sue out a writ of error therein."

On December 30, 1895, the court entered judgment for the defendant to which the plaintiff excepted and a bill of exceptions was duly sealed.

By the payment of the money into court the Philadelphia & Reading R. R. Relief Association waived all defects in the application of John K. Weisenborn for admission as a member of the association. But notwithstanding that fact, in the disposition of this case between these parties, we are governed by the laws and regulations of the society. Grand Lodge v. Keener, 38 Mo. Appeal, 543; Bacon on Beneficial Societies, sections 244 and 252.

While it is true that John K. Weisenborn was under lawful age and had left his father's home without permission, his wages belonged to his father and any investment that he might make would not be his, and these facts were considered by the court below as equities in favor of the father; we do not think them material in the disposition of this case. The membership and certificate vested in John K. Weisenborn no property right in any sense, and had he been of lawful age would have formed no part of his estate, and would not have passed to his executor or administrator. It was simply a right in him to provide a fund to be disposed of under the rules and regulations of the society or corporation of which he was a member, and the beneficiary took no vested right in the certificate of insurance until the death of the assured.

The rules and regulations of the society are referred to and made part of the case stated, as well as the application of the assured, but we deem it necessary only to refer to and consider paragraph 25 of the regulations which is viz: " benefits payable on account of the death of a member, shall be payable only to the beneficiary or beneficiaries designated in his application to receive the same, if living at the death of said member." It also provided "if the designated beneficiary shall be other than the relatives named below, and shall not be living at the death of the said member, then the benefit shall be payable to the wife (or husband) or children, or in the event of the applicant at death having neither wife (or husband) nor children living, then the father or mother, or the survivor, or if neither of these be living, then to the next of kin, if there be any such." It is conceded that the assured left neither wife, children nor mother, but his father, Adam Weisenborn, the appellee in this case, survived him. George Burst, the appellant, claims this fund by virtue of his appointment and designation as beneficiary by John K. Weisenborn, when he became a member of the Relief Association. The question is, was the designation valid and legal? If so, the appellant would clearly be entitled to the fund. Otherwise, he would not. The right that the assured exercised in the designation was simply a beneficial right to direct the society of which he was a member to pay the benefit money at his death to such person as he should appoint. He gave direction in his application, and under the rules of the society, that the money should be paid to his uncle, the appellant. The exercise of this power on his part was manifestly voidable for the reason that an infant or person under age cannot give such direction by reason of his minority.

The designation of a beneficiary by a member of a benefit society is an act testamentary in its character, and the same rules of construction apply as in the case of other testamentary writings: Continental Life Insurance Company v. Palmer, 42 Conn. 64; Union Mutual Aid Association v. Montgomery, 70 Mich. 587.

This writing being testamentary in its character, to make it valid and binding required a person to execute it of full and lawful age, otherwise it was voidable. John K. Weisenborn being admittedly but seventeen or eighteen years of age at the

time he designated his uncle as beneficiary, such designation was voidable; we must therefore treat this case as though no designation had been made, and while it appears from the rules of the society that Adam Weisenborn, the father, would be entitled to receive this fund, we are only called upon to decide whether George Burst, the appellant, is entitled to the fund. And having decided that the designation as beneficiary, under which he claims, was null and void when made, or at least voidable, it follows that he is not entitled to the fund in question. The judgment of the court below is therefore affirmed.