# Kress, Appellant, *v.* Kress.

*Insurance—Life insurance policy—Change of beneficiary—Requirements of policy—Noncompliance with—Effect.*

Where a method has been prescribed by an insurance company, by which the beneficiary under a policy may be changed without the consent of the beneficiary, such method must be followed exactly to bring about an actual and completed substitution of the beneficiary.

Where the method prescribed provided that there should be notice to the insurance company and a return of the policy for endorsement, the mere giving of notice in the form of a letter is not sufficient.

The valid substitution of the beneficiary depended upon a full compliance with the terms provided in the contract of insurance, and when the insured retained the policy so that the intended change in the beneficiary lacked the required endorsement of such action by the company, the change was incomplete, and the substitution of beneficiary was not accomplished.

Argued October 22, 1920.  Appeal, No. 65, Oct. T., 1920, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1917, No. 3458, sustaining demurrer in favor of defendant in the case of Sadye G. Kress v. Rebecca Kress.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Interpleader to determine to whom to pay benefits of life insurance policy.  Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

The fund was paid into court and an issue framed to determine the right thereto, with Sadye Kress, as plaintiff, and Rebecca Kress, as defendant.

A rule was granted on the defendant in the interpleader to show cause why the fund in court should not be paid to petitioner.  After argument and reargument, the court entered judgment in favor of the plaintiff in the interpleader.

404, (1921).] Assignment of Error—Opinion of the Court.

*Error assigned,* among others, was the judgment of the court.

*Michael Barnett,* for appellant.—The substitution of the beneficiary was complete: Schoales v. Order of Sparta, 206 Pa. 11; Noble v. Police Beneficiary Assn., 224 Pa. 298; P. R. R. v. Wolfe, 203 Pa. 269.

*Joseph Gross,* for appellee.—Endorsement by the company on the policy of the change in the beneficiary was essential: Shepperd v. Crowley, 61 Fla. 735; Johnson v. N. Y. Life Ins. Co., 56 Colo. 178; Joyce on Insurance, vol. 2, par. 740B, (2d Ed. 1917, page 1674); Provident Sav. Life Assur. Co. v. Deeds, 120 Ky. 285; Anderson v. Broad Street National Bank, 105 Atl. Rep. 599; Freund v. Freund, 218 Ill. 189.

PER CURIAM, March 5, 1921:

The Metropolitan Life Insurance Company issued a policy upon the life of Israel C. Kress, in the sum of $1,000 in which Rebecca Kress, the mother of the insured was named as beneficiary. The policy contained a clause entitled "Change of Beneficiaries," viz: "When the right of revocation has been reserved, the insured, if there be no existing assignment in the policy, may as herein provided, while the policy is in force, designate the new beneficiary with or without reserving the right of revocation, by filing a written notice thereof at the home office of the company accompanied by the policy for suitable endorsement thereon, such change shall take effect upon the endorsement of the same on the policy by the company." Subsequently to the issuing of the policy, which authorized the insured to change the beneficiary without the consent of the beneficiary designated therein, Israel C. Kress, the insured, married Sadye G. Kress, and on July 1, 1917, wrote a letter to the insurance company as follows:

"Please change the beneficiary named in my policy from my mother Rebecca Kress to my wife Sadye G. Kress. Please acknowledge this letter and send necessary rider to be attached to the policy."

To which the company replied on July 9, 1917, "The Metropolitan Life Insurance Company begs to acknowledge receipt of your favor of recent date, which will receive prompt attention. In any further communication please state policy number and address correspondence Division, Ordinary Department." The insured was drowned on July 22, 1917. Suit against the insurance company was instituted by Sadye G. Kress, the widow, and a demand for payment was also made upon the company by Rebecca Kress, the mother, on the petition of the insurance company, the fund was paid into court and an issue was framed to determine the right thereto, with Sadye G. Kress, the widow, plaintiff, and Rebecca Kress, the mother, defendant. To expedite the proceedings a rule was granted on the defendant in the interpleader to show cause why the fund in court should not be paid to the petitioner. A full hearing was had, and after argument and reargument the court entered judgment in favor of Rebecca Kress, the defendant in the interpleader. The valid substitution of the beneficiary depended upon a full compliance with the terms provided in the contract of insurance, and special declaration at the time when the substitution should be effective, as follows: "Such change shall take effect upon the endorsement of the same on the policy." The insured showed an intention to change the beneficiary by writing the letter of July 1, 1917, of which intention the company had notice, acknowledged its receipt and awaited further action. The record discloses that the company sent to its Burlington, N. J., office its regular form for the purpose of effecting this change of beneficiary, but it was never executed by the insured, and the company never formally acted upon the request for the change of beneficiary. The policy was retained by the insured so that

the intended change in the beneficiary lacked the required endorsement of such action by the company as provided by its very terms. The request of the insured was never completed, for the reason that while he retained the policy, it could not be formally acted upon. It required the affirmative act of the insured to perfect the change, and while he held the policy he could name another and annul his letter of July 1, 1917, in which he named his wife. So long as he maintained this attitude, the beneficiary originally designated was the only one entitled, and the letter was but an incomplete attempt to a proper designation of a change of beneficiary. The method adopted by the parties in providing for a change of beneficiary was lawful, and it must be followed to bring about an actual, completed substitute of beneficiary. No. 2, Joyce on Insurance, par. 731-753 (ed., 1917) ; No. 4, Cooley on Insurance, page 3370. The acknowledgment of the letter by the company was no more than it purported to be—"receipt of the letter, which will receive prompt attention." There was no suggestion of declaration what that action would be, whether for or against the request, or the necessary proof required to effect a change: Burst v. Weisenborn, 1 Pa. Superior Ct. 276; Freund v. Freund, 218 Ill. 189; Am. cas. 1912 B, 1142; Am. cas. 1915 A, 580. The insured did not do all he could do as is urged in some of the cases, as he had it in his power to withdraw his letter or make a second application, or by sending the policy for the conclusion and endorsement of the company—but holding the policy made it impossible, under its terms, to complete the transfer: Jinks v. Lodge, 139 Pa. 414; French v. Provident Society, 205 Mass. 424.

It was clearly within the power of the insured to complete the change of beneficiary, and we are not required to explain his not doing the thing required by the policy to vitalize his intention to make a change.

The rights of the parties were not changed by the payment of the fund into court. It was held in Grant v.

Faries, 253 Pa. 232, a party liable to pay money to some of the parties, and not knowing to which, pays it to a stakeholder, that the law may determine to whom it belongs, has waived no right. Under the circumstances, to pay the fund to the court or to a stakeholder, is proper practice and thereby no rights are affected.

The judgment is affirmed.