## Krise, Administrator, v. Lycoming Trust Co., Trustee, et al.

S. T. McCormick, Jr., for plaintiff; J. G. Candor, for defendants.

BOUTON, P. J., 48th judicial district, specially presiding, May 4, 1928.—It appears from the pleadings that Jonathan L. Hough, a minor, now deceased, had certain life insurance policies on his life in the various companies set forth in plaintiff's bill; the original beneficiaries named in said policies were two brothers of the insured, Marshall L. Hough and Allison H. Hough, share and share alike.

It also appears that the said Jonathan L. Hough had at the time of his death personal property consisting of cash, stocks and bonds of various corporations, amounting in value from $150,000 to $160,000.

It further appears that the said Jonathan L. Hough, on or about Jan. 1, 1927, caused the beneficiary clause of the insurance policies to be changed by substituting the Lycoming Trust Company as beneficiary therein and entering into a certain insurance trust agreement with the said Lycoming Trust Company, authorizing the said trust company to receive and receipt for all sums

of money becoming due under said policies and discharging the insurance companies from all liability therefor.

The said trust agreement provided then for the disposition of the said trust fund. The prayer of the bill is as follows:

"That a decree may be entered herein by your Honorable Court:

"(a) That the designation by the deceased minor, Jonathan L. Hough, of Lycoming Trust Company as beneficiary of the contracts of insurance recited in this Bill was and is invalid, ineffective and void.

"(b) That the trust attempted to be created by the trust agreement is invalid, ineffective and void.

"(c) That the defendant, Lycoming Trust Company, Trustee, holds the insurance moneys collected by it as beneficiary of the life insurance contracts on the life of Jonathan L. Hough, in this Bill recited, under a resultant trust for the benefit of the plaintiff, as administrator of the Estate of Jonathan L. Hough, deceased.

"(d) That the said Lycoming Trust Company, defendant, be required to state an account of all principal moneys received by it as beneficiary of the contracts of insurance above recited and of the income received by said defendant from the investment of said funds, and be directed to pay the amount shown in its hands by said account to your orator, as administrator of the said Jonathan L. Hough.

"(e) That your orator may be granted such other and further equitable relief as the exigencies of the case may require and your Honorable Court may deem necessary and proper."

From the bill and answer, we find the following facts, which are undisputed:

1. That Glynn L. Krise is the duly appointed, qualified and acting administrator of Jonathan L. Hough, late of the City of Williamsport, Pa.

2. That Lycoming Trust Company, defendant, is a corporation of the State of Pennsylvania, where it conducts a general banking and trust company business and is authorized by law to act in fiduciary capacities and to execute trusts.

3. That Lycoming Trust Company and Marshall L. Hough are the duly appointed, qualified and acting guardians of Allison H. Hough, a weak-minded person, who resides in the City of Williamsport, Pennsylvania.

4. That Marshall L. Hough and Helen Whitehead Hough, his wife, also reside in the City of Williamsport, Lycoming County, Pennsylvania.

5. That Jonathan L. Hough, plaintiff's intestate, being at the time a resident of the City of Williamsport, Lycoming County, Pennsylvania, died on Aug. 28, 1927, and the plaintiff was duly appointed by the Register of Wills of Lycoming County as administrator of the estate of said decedent and duly qualified as such, and is now acting as such administrator.

6. That said decedent, Jonathan L. Hough, was born on Oct. 4, 1906, and at the date of his death was under the age of twenty-one years. Said decedent left to survive him as his heirs-at-law two brothers, said Marshall L. Hough, who is of full age, and said Allison H. Hough, who has been adjudged a weak-minded person.

7. That during several years prior to Jan. 5, 1927, said Jonathan L. Hough made application to various life insurance companies for life insurance on his life, and, in pursuance thereof, life insurance contracts were issued upon his life, the premiums due thereon from time to time being paid from said minor's estate; the numbers of the policies, the names of the companies issuing the same and the amounts of said policies being set forth in plaintiff's bill.

8. That all of said contracts of insurance when issued named as beneficiaries thereof two brothers of the insured, the said Marshall L. Hough and the said Allison H. Hough, share and share alike, and all of said contracts of insurance contained the provision that the insured should have the privilege of changing the beneficiary at any time by complying with the rules of the company issuing the same.

9. On or about Jan. 1, 1927, said decedent was also possessed of personal property, consisting of cash, stocks and bonds of various corporations, amounting in value from $150,000 to $160,000.

10. On or about Jan. 1, 1927, the said Jonathan L. Hough, by appropriate action, caused the beneficiary clause of said insurance contracts to be changed by substituting said Lycoming Trust Company as beneficiary therein and entered into an agreement with said Lycoming Trust Company, stipulating the uses and purposes for which said insurance moneys should be held by the defendant after the maturity of said policies. Said uses and purposes are more fully set forth in the plaintiff's bill.

11. That said decedent, on Dec. 31, 1926, executed a paper designated as his last will and testament, bequeathing all of his estate to his brother, Marshall L. Hough; said will being executed by the decedent while he was still a minor and his death occurring during his minority.

12. That immediately following the death of said Jonathan L. Hough, the Lycoming Trust Company filed with the companies issuing said insurance contracts the required proofs of death and made claim for the moneys due on said contracts of insurance, as beneficiary thereof, and said companies thereupon paid to the Lycoming Trust Company in settlement thereof a total of $140,945.69. The specific amount paid upon each of the policies is more fully set forth in plaintiff's bill.

Two questions of law are raised in this case:

1. Was the designation by the said Jonathan L. Hough of the Lycoming Trust Company as beneficiary of said contracts of life insurance, made by him during his minority, valid?

2. Was the trust agreement entered into by Jonathan L. Hough with the said Lycoming Trust Company, having been made while he, the said Jonathan L. Hough, was a minor, valid and effective?

In the case of Burst v. Weisenborn, 1 Pa. Superior Ct. 276, the court say:

"Designation of a beneficiary by a member of a benefit society is an act testamentary in its character and the same rules of construction apply as in the case of other testamentary writings.

"Where the contributory decedent was a minor, any designation by him of a beneficiary is voidable, and upon his death, while still a minor, the case must be treated as if no designation had been made."

The conclusion in the above case seems to be based upon the principle that the designation of a beneficiary is an act testamentary in character, and this principle is approved in numerous cases cited therein.

Under section 1 of the Act of June 7, 1917, P. L. 403, known as the Wills Act, it is enacted in effect that no person under the age of twenty-one years may dispose of his real or personal property by will. The section of the act reads as follows: "Every person of sound mind and of the age of twenty-one years or upwards, whether married or single, may dispose by will of his or her real estate, whether such estate is held in fee simple or for the life or lives of any other person or persons, and whether in severalty, joint tenancy or common, and also of his or her personal estate."

It would, therefore, seem to follow that if an infant cannot make a will he could do no other act of testamentary character, such as making a valid designation of a beneficiary in life insurance policies issued to him, the premiums of which were paid out of his own estate.

The second question, as to whether the insurance trust contract is valid, seems to be without difficulty.

The rule stated in 31 Corpus Juris, at page 1033, is as follows: "A deed of trust executed by an infant is not binding on him. While in some jurisdictions, by force of statute, such deed is void, and such deed may also be void when it was procured fraudulently, ordinarily a deed of trust executed by an infant is merely voidable, and not absolutely void."

The rule is also stated in Pedro v. Pedro, 127 N. Y. Supp. 997, as follows:

"An infant, executing a deed of trust for his benefit, may disaffirm it on reaching his majority, provided he exercises the right seasonably.

"An infant executed a deed of trust for his benefit. For a year after attaining full age he received the interest from the trustee in ignorance of his right to disaffirm the deed, but he accepted no income to which he was not entitled, regardless of the deed. Held, not to show a ratification of the deed after attaining full age."

To the same effect is the case of Ownes v. Ownes, 23 N. J. Eq. 60.

The reason for this rule seems to be lack of legal discretion and capacity in the minor to enter into contracts affecting his estate. It will be noted, however, that the rule is that the trust agreement is not absolutely void, but voidable at the option of the minor, and upon attaining his majority he may either ratify or avoid the instrument.

There seems to be no conflict of authority that the right of an infant to void his contracts is a personal privilege, and in the case of his death such privilege is exercisable, in the case of real estate, by his privies in blood or heirs, and in the case of personal property, by his personal representatives.

"The right of an infant to avoid his contracts is a personal privilege of which no one can take advantage but the infant himself, or, in the case of his death, his privies in blood or heirs or personal representatives:" 31 Corpus Juris, 1066; Kuns's Exec'rs v. Young, 34 Pa. 60; Hussey v. Jewett's Exec'rs, 9 Mass. 100; Jefford's Admin'rs v. Ringgold, 6 Ala. 544; Martin v. Mayo, 10 Mass. 136; The Ledger Bldg. Ass'n v. Cook et ux., 12 Phila. 434.

We are, therefore, of opinion that the designation of the beneficiary, the Lycoming Trust Company, in the policies of insurance issued upon the life of the said Jonathan L. Hough, being an act testamentary in character, was voidable and could be avoided by the legal representative of the said Jonathan L. Hough, and that as to the funds collected on the said policies, they belong to the administrator of his estate as though no designation of beneficiaries had ever been made in said policies.

We are also of opinion that the insurance trust agreement entered into by the said Jonathan L. Hough with the Lycoming Trust Company, having been made during the said Hough's minority, was also voidable by the said Jonathan L. Hough, and that he having died during his minority, said contract may be voided by his legal representatives, who in this case is the plaintiff, Glynn L. Krise, administrator of his estate.

We are, therefore, of opinion that a decree should be entered in accordance with the prayers (a), (b), (c) and (d) of the plaintiff's bill.

And now, to wit, May 4, 1928, it is ordered, adjudged and decreed that a decree be entered nisi by the prothonotary in accordance with above opinion, subject to exceptions sec. reg.

From Don M. Larrabee, Williamsport, Pa.