## Carpenter, Admr., v. Penna. Railroad Employes Provident & Loan Assn. et al.

*Hyman A. Guth,* for plaintiff.

*Barnes, Biddle & Myers* and *Joseph A. McGinnis,* for defendants.

DAVIS, P. J., September 29, 1936.—Plaintiff is the administrator of the estate of John Daisley, deceased. During his lifetime, John Daisley was an employe of The Pennsylvania Railroad Company, and on December 27, 1923, he applied for membership in the Pennsylvania Railroad Employes Provident and Loan Association. He was accepted as a member and had made deposits with the association until his retirement May 1, 1927, at which time he retired from the services of the company.

The application for membership provided:

"In the event of my death, unless I shall otherwise designate in writing, I name as my beneficiary, to receive such sums as may then stand to my credit, my daughter, Marian Daisley, or, if not living, to my legal representatives."

The language of this proviso is unequivocal: First, it refers to such sums as may be standing to the credit of the member at the time of his death; second, that such sums shall be paid to his daughter, Marian Daisley; third, if she is not living at the time the same is due, then to the legal representatives of the member.

Plaintiff prays for a decree awarding the fund to plaintiff as administrator of the estate of John Daisley, deceased.

It appears that after decedent's employment terminated with The Pennsylvania Railroad Company, and before his death, the fund was permitted to remain with the association. The designation of the beneficiary, however, was not changed. Plaintiff claims that he is entitled to the fund under section 11, art. x, of the rules and regulations of the association.

Section 11, art. x, reads:

"Membership in the Association shall terminate when the member ceases to be employed by The Pennsylvania Railroad Company or any Company embraced in its System, whereupon payment shall be made to such former member, if living, of the amount credited to his saving account, together with interest thereon to date of such termination of membership."

This section does not contemplate the designation of a beneficiary. Section 9 of the same article, however, provides:

"In case of death of a member, and upon presentation of satisfactory proof thereof to the Secretary of the Association, the amount credited to the saving account of such member, together with interest thereon, shall be paid

to the designated beneficiary, if living, otherwise to the legal representatives of the deceased member."

Under the law, a member of an association is bound by the constitution and bylaws. The question in the instant case is whether the beneficiary's right to the fund is terminated ipso facto when the member ceases to be an employe of the company, or the termination of employment effects a revocation of the designation of the beneficiary.

There is no authority in the railroad company under the regulations to revoke the name of a beneficiary named by a member in the event of the membership ceasing by termination of his employment by the member. The member and not the railroad company controlled the disposition of the fund. There can be no question that under section 11, art. x, membership in the association terminated when the member ceased to be an employe of the railroad company, and the fund was thereupon due and payable to the former member, if living, and under section 9, art. x, in case of his death, the amount credited to the saving account of such member was payable to the designated beneficiary, if living. Marian Daisley is living. Payment to the member during his lifetime is the only method of revoking the designation of beneficiary.

In Reiff's Estate, 16 Pa. Superior Ct. 80, it was held: "A power of revocation which is not exercised stands as if it never existed." In the above case, a railroad company established a savings fund for the benefit of its employes which was governed by a code of rules and regulations. One of the regulations provided that the money belonging to a depositor should upon the death of the depositor "be paid over only to the person designated in his application to receive same," and "if the person so designated shall not be then living, said funds shall be paid either to the heirs or personal representatives of the deceased depositor as the board may determine." One of the depositors designated his mother as beneficiary, and after her death he made a new designation of his wife as beneficiary. Subsequently the depositor made his will

"superseding all previous instruments of prior date" by which he made certain bequests to his wife, children, brothers, and sisters. In his will he provided that all his insurance policies in whosesoever favor drawn were to be included in his general estate, but that his patents should be excluded. He continued to make deposits for nearly two years after the date of his will. It was held: (1) That the paper designating the wife as a beneficiary taken in connection with the regulation of the savings fund was a revocable paper; (2) that the will did not revoke the appointment of his wife as beneficiary of the moneys in the saving fund; (3) that the wife was entitled to the money in the savings fund as against the estate of the depositor. And further it was held:

"The writing is in a sense testamentary (Burst v. Weisenborn, 1 Pa. Superior Ct. 276), in that it is intended to take effect only in the event of the death of the depositor, and, under the decisions, it is by reason of that character a revocable writing. A reserved right of revocation is not inconsistent with the creation of a valid trust. In this case the depositor did not exercise his right to revoke the designation of his wife as beneficiary, and a power of revocation which is not exercised stands as if it never existed: Dickerson's Appeal, 115 Pa. 198; Lines v. Lines, 142 Pa. 167; Estate of Thomas Smith, 144 Pa. 428; Gaffney's Estate, 146 Pa. 49. . . .

"The claim of a beneficiary in such a case is not based on a contract with the depositor, but upon the appointment made by the member or the direction given by him for the payment of the money: Niblack on Benefit Societies, sec. 229."

The instant case is much stronger in favor of the beneficiary than the case cited. The member here died intestate without revocation of the beneficiary, and in Reiff's Estate, supra, the decedent provided in his will for beneficiaries, although not revoking the appointment of his wife as beneficiary under his membership in a savings fund society. If the writing is in the nature of a

testamentary document, we must find its true interpretation and effect in the intention of the member, and, the designation of the beneficiary not being revoked, we are of opinion that the administrator of decedent's estate is not entitled to the fund.

The objections are sustained and the bill is dismissed.

NOTE.—The foregoing decision was affirmed by the Supreme Court in an opinion filed on January 11, 1937.