### UNION CEMENT Co. *v.* NOBLE and another.

*(Circuit Court, W. D. Michigan, S. D.* June 30, 1882.)

1. PLEADING—EXISTENCE OF CORPORATION.

> In an action brought by a corporation it is not necessary to allege that it is a corporation; it is sufficient if the name be stated at the commencement of the narration, since the plaintiff need only prove the material allegations of his declaration. *Non constat* why there should be required proof of the existence of plaintiff corporation, not averred and not challenged by the defendant.

2. SAME—DENIAL—RULE IN FEDERAL COURTS.

> In federal courts the existence of foreign and domestic corporations alike can be denied only by a special plea in abatement or bar, or notice.

3. SAME—GENERAL ISSUE.

> The pleading of the general issue in an action of *assumpsit* by a foreign corporation admits the corporate existence, and evidence should be received to establish the cause of action without proof, but not to show want of corporate capacity to sue.

*Assumpsit.*

*James B. Petes* and *John E. More,* for plaintiff.

*Hughes, O'Brien & Smiley,* for defendants.

WITHEY, J.  This case is here by removal from a court of the state upon defendants' petition, and has been tried without a jury.  The declaration consists of the common counts, and a notice that four promissory notes, of which copies are annexed, constitute the cause of action.  Plea, general issue.  At the outset the notes were offered in evidence, and their admissibility objected to on the ground that under the general issue plaintiff must prove corporate existence to entitle the notes to be read.  They were admitted, subject to the objection and the opinion of the court.  Then plaintiff rested, and defendant offered evidence to prove that plaintiff was not a corporation at the time the notes were made, nor at any time since.  Objection was made to the introduction of the evidence on the ground that the plea of the general issue admits the corporate existence of plaintiff.

The declaration, in the commencement, merely states that "the Union Cement Company, of Buffalo, New York, plaintiff herein," by attorney, "complains," etc., and does not otherwise aver the fact that plaintiff is a corporation.  Was the objection to the admission of the notes well taken?  I am of opinion that it was not, and that the notes were properly admitted.

It is not necessary for a plaintiff corporation to allege that it is a corporation in the pleading; it is sufficient to state in the commence-

ment of the declaration the name of the corporation, as was done here, just as the name of a natural person suing is stated. 2 Ch. Pl. (16th Ed.) p. 13, form 22; *Woolf* v. *Steam-boat Co.* 7 C. B. 103; 2 Ld. Raym. 1535; 4 Black, 267; 16 Ind. 278; 14 Johns. 245.

It is a general rule that a plaintiff need prove only the material allegations of his declaration; therefore, in the absence of an averment of being a corporation, it is not plain why proof should be necessary that the plaintiff is such, unless defendant challenges the fact by plea or notice. But the courts are far from uniform upon the question, and this does not seem to arise from a consideration whether the declaration avers or omits to aver that the plaintiff is a corporation.

In several states the courts hold that a corporation instituting suit upon contract, or to recover land, must, upon the trial under the general issue, prove the fact of incorporation. Ang. & A. Corp. § 632, note 3. In many other states the courts hold that a plea of the general issue admits or waives proof of the plaintiff's corporate existence. Ang. & A. § 633, note 1. There is a collection of cases in the notes referred to in Angel & Ames, and also in note $g^t$, 1 Ch. Pl. (16th Ed.) 464. Some of the courts hold one rule as to domestic corporations, and another as to foreign corporations. 12 Ohio, 132; 8 Vt. 445; 2 N. H. 310; 6 N. H. 198.

The supreme court of the United States, as early as 1828, in *Conard* v. *Atlantic Ins. Co.* 1 Pet. 450, held that by pleading the general issue the defendant necessarily admitted the capacity of the plaintiff corporation to sue, as that is a plea to the merits only. The suit was by a corporation, created under the laws of a state other than Pennsylvania, where it was tried, and was, therefore, a foreign corporation as to Pennsylvania, though in the federal court it would be regarded as a domestic one. In the *Society for the Propagation of the Gospel* v. *Powlet,* 4 Pet. 500, the same court said:

"The general issue is pleaded, which admits the competency of the plaintiff to sue in the corporate capacity in which they have sued. If the defendant meant to have insisted upon the want of corporate capacity in the plaintiff to sue, it should have been insisted upon by a special plea in abatement or bar."

The Society for the Propagation of the Gospel was organized under the laws of Great Britain. The two cases lead to the conclusion that in the federal courts the rule is the same whether the corporation is domestic or foreign. Judge STORY cites 1 Peters, and other American and English decisions.

A statute passed in the state as early as 1846, copied from the statutes of New York, declares that corporations "created by or under the laws of this state" shall not be required to give evidence of being a corporation unless the question is raised by plea or notice, supported by affidavit. Comp. Laws 1871, § 6547. The courts in New York, prior to such statute there, held that when the general issue was pleaded a plaintiff suing as a corporation must prove corporate existence. The New York statute was enacted in Michigan, manifestly, because it was supposed that, under the plea of general issue, without the statute, it was necessary for a plaintiff corporation to make the proof which the New York courts held to be necessary, prior to the passage of said statute. As early as 1844 the supreme court of Michigan said:

"It is well settled that under a plea of the general issue a corporation must prove all it would be required to prove under a plea of *nul tiel* corporation." 1 Doug. (Mich.) 464.

The suit was by a New York corporation.

In 1850 the same court declared that at common law a plaintiff corporation must make proof of its existence under a plea of the general issue. 1 Mich. 498. It is singular that in neither case did the court take notice of the many cases opposed to the view it asserted to be unquestioned law. But in a suit brought by a corporation organized under the national banking law, and where the general issue was pleaded, the supreme court of Michigan, in 1876, disregarded its former utterances by saying in that case that for the purposes of the action the corporate existence of the plaintiff stood admitted; and they cite 4 Pet. 480, *supra,* in support of the view expressed. *Garton* v. *Union City Nat. Bank,* 34 Mich. 279. In that case the court also refers to two state statutes. One I have referred to; the other is now section 5959, Comp. Laws; but, as neither have any possible application to the case, they did not aid the conclusion reached by the court.

Section 5959 enacts that "whenever it shall become necessary or material" for a corporation to prove corporate existence, evidence of user shall be *prima facie* evidence of the fact. There was no question of user in the case. The other statute relates exclusively to corporations "created by or under the laws of this state," and the corporation suing was created under a law of congress. Again, the supreme court of Michigan, as early as 1858, promulgated law rule 78 for the circuit courts, which provides, in substance, that in actions

by foreign corporations the plaintiff may, with his declaration, file with the clerk an affidavit stating the plaintiff is a corporation under the laws of some other state, territory, or country, and serve a copy, which shall be *prima facie* evidence of the existence of such corporation. This rule is not alluded to in *Garton* v. *Nat. Bank.* The bank was not entitled to the benefit of the statute relating to corporations "created by or under" the state law, and hence the court seems to have adopted the views expressed in 4 Pet. 480, cited in its opinion; leaving the inference that law rule 78 has no practical effect, except, possibly, when a plaintiff wishes to make a *prima facie* case, in anticipation of a plea or notice denying that plaintiff is a corporation.

I hold that the notes were properly admitted in evidence.

The other ground of defense rests upon the right of defendants, under the plea of the general issue, to prove that plaintiff is not a corporation. The views already expressed control the decision of this question, viz., such plea admits plaintiff's capacity to sue, and that, as its name imports, it is a corporation. See Bos. & P. 40; 3 Camp. 29; 32 N. H. 472; 10 Mass. 360; 1 Ch. Pl. 467, notes *h'* and *i.* In the *Bank of Havana* v. *Magee,* 20 N. Y. 355, 362, (COMSTOCK's opinion,) it was held that the matter of name in which the suit is brought, if brought in behalf of the real party, is mere irregularity, not affecting the right of recovery or the validity of the judgment. Judge COMSTOCK's view lacks narrowness, is comprehensive, and sensible. The Bank of Havana was not a corporation, but the name adopted by an individual under which to carry on a banking business, and in which name suit was brought, judgment recovered, and, on a writ of error, the judgment sustained.

Defendant cited *Schuetzen-Bund* v. *Agitations-Verein,* 44 Mich. 313. The declaration in that case averred that the plaintiff was a corporate body, the defense rested upon whether the plaintiff had been incorporated, and the issue was found against the plaintiff. It is not seen how the case is opposed to the views in the *Bank of Havana* v. *Magee.*

It has also been held in this class of cases that a defendant will not be permitted to deny the corporate existence of the plaintiff, or its capacity to sue in the name by which defendant dealt with it and made obligations payable to. 2 Ld. Raym. 1535; 8 East, 487; 10 East, 104; 4 Maule & S. 13; 4 Bos. & P. 206; Field, Corp. § 385.

The amount due and unpaid upon the notes declared on February 12, 1882, the day of trial of the cause, is eighteen thousand six hundred and sixty-nine dollars and forty-nine cents, ($18,669.49,) ex-

cluding protest fees not allowed. The plaintiff is entitled to judgment for that sum, with interest from February 12th, last. The rate of interest on $500.54 will be 7 per cent. per annum, and on the balance, $18,168.95, will be 10 per cent., such being the rates stipulated in the contracts touching the respective sums.