# Herrod, Appellant, *v.* Kimbrough.

*Insurance—Life insurance policy—Change of beneficiary—Requirements of policy—Noncompliance with—Effect.*

Where a method has been prescribed by an insurance company, by which the beneficiary under a policy may be changed without the consent of the beneficiary, such method must be followed exactly to bring about an actual and completed substitution of the beneficiary.

Where the method prescribed provided that there should be notice to the insurance company and a return of the policy for endorsement, the mere giving of notice in the form of a letter is not sufficient.

*Insurance policy—Change of beneficiary—Evidence—Burden of proof.*

Where an alleged substituted beneficiary claims the proceeds of the policy of insurance, the burden of proof is upon her to establish her right to the insurance money as against the beneficiary named in the policy.

Argued April 22, 1924.   Appeal, No. 161, April T., 1924, by plaintiff, from judgment of C. P. Beaver Co., Sept. T., 1923, No. 133, on verdict for defendant in the case of Lydia Herrod v. Lena Kimbrough.   Before OR-

238, (1924).] Assignment of Error—Opinion of the Court. LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Feigned issue to determine to whom to pay benefits of a life insurance policy.  Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

The fund was paid into court and an issue framed to determine the right thereto, with Lydia Herrod as plaintiff and Lena Kimbrough as defendant.

The jury rendered a verdict in favor of the defendant and judgment was entered thereon.  Plaintiff appealed.

*Error assigned* was, among others, refusal of plaintiff's motion for judgment non obstante veredicto.

*James L. Hogan,* and with him *C. B. McCarter,* for appellant, cited: Reid v. Durboraw, 272 Federal Reporter 99; O'Donnell v. Metropolitan Life Insurance Company et al., 102 Atlantic Reporter 163; Beatty's Appeal, 122 Pa. 428, 434.

*D. A. Nelson,* for appellee, cited: N. W. Masonic Aid Association of Chicago v. Jones, 154 Pa. 99; Grant v. Faires, 253 Pa. 232; Buchak's Admr. v. Buchak, 43 Co. Ct. 311; Cooper's Est., 263 Pa. 37; Fett's Est., 39 Pa. Superior Ct. 246; Hani v. Germania Life Ins. Co., 197 Pa. 276; O'Grady v. The Prudential Insurance Co., 3 Pa. Superior Ct. 548; Smith v. Metropolitan Life Ins. Co., 34 Pa. Superior Ct. 72; Appeal of Madeira et al., 17 W. N. C. 202.

OPINION BY HENDERSON, J., July 2, 1924:

This is an action of assumpsit in the form of a feigned issue to determine the title to a fund arising from three policies of insurance issued by the Metropolitan Life Insurance Company on the life of Buster Kimbrough; the parties to the issue being adverse claimants to the fund.

The insuring company, admitting its liability on the policies, paid the money into court in order that the rights of the contending claimants might be legally determined. The plaintiff is the mother of the insured and the defendant is his wife. The latter was named as beneficiary in each of the policies. Two of the policies contained the following provision: "Subject to the approval of the company, the insured, at any time during the continuance of this policy, provided the policy be not then assigned, may change the beneficiary or beneficiaries, by written notice to the company, to its home office, accompanied by this policy, such change to take effect on the endorsement on this policy by the company. After endorsement the policy will be returned." The third policy contained the following provision: "This policy is written with the right of the insured to change the beneficiary. When such right has been reserved, and if there be no written assignment of this policy on file with the company, the insured may, while the policy is in force, designate a new beneficiary......by filing written notice thereof at the home office of the company accompanied by the policy for suitable endorsement. Such change shall take effect upon the endorsement of the same on the policy by the company and not before." On May 25, 1923, the insured executed a written notice of a change of beneficiary; the plaintiff, his mother, being the nominee. This notice was forwarded to the insurance company and was received May 28, 1923. The insured died May 31, 1923. The notice of change was not accompanied by the insurance policies and no endorsement was made by the company of the change of beneficiary, nor was any acknowledgment of the receipt of the notice made by the company. The plaintiff undertook to account for the omission to forward the policies to the company by showing that they were in the possession of the wife of the insured; that she had theretofore refused to deliver them to the insured; and that he was therefore unable to send them to the company with the

application for the desired change of beneficiary. The case for the defendant consisted of a denial that her husband had requested her to give him the policies; and that on the contrary her husband, having been for a long time an invalid and unable to work and to keep up the payments on the policies, agreed with her that if she would make the payments pursuant to the terms of the policies, the amounts payable thereon should be her property in case of his death; that he delivered the policies to her pursuant to that agreement and that she had thereafter paid the premiums as she had agreed with her husband to do; as a result of which she became the equitable assignee of the policies and entitled to the proceeds thereof irrespective of the fact that she was named as beneficiary. The court confined the issue to the inquiry whether the insured did everything within his power to comply with the terms of the policies relating to the change of beneficiaries, and instructed the jury that the mere fact that his wife had taken the policies did not relieve him of the necessity of making demand or request from her and doing whatever was reasonably necessary under the circumstances to secure possession of the policies and to forward them to the company with the papers making the change of beneficiaries. The jury was told that the insured had a right to change the beneficiary even if his wife paid the premiums and in that connection the court gave the following instruction: "Now did he, (the insured) as the plaintiff contends, demand and try to get the possession of these policies? Did he do all that he could to get a hold of these policies in order that he might transfer them to the company for endorsement? If he did then your verdict should be for the plaintiff, because while the insurance company did not actually make any endorsement on any of these policies, yet so far as this testimony shows it did not refuse to do so, and the law regards as done that which ought to be done." On the other hand the instruction was given that if the insured voluntarily gave the pol-

icies to his wife and told her to pay the premiums and the premiums were paid by her according to his instructions and he made no demand upon his wife or any real effort to get the policies from his wife, then the verdict should be for the defendant. The jury was correctly instructed that the burden was on the plaintiff to establish her right to the insurance money; that she must "tip the scales" in her favor or the money should go to the beneficiary named in the policies. The verdict was for the defendant and there was testimony which supported it. It amounted to a finding therefore that the failure of the insured to forward the policies for endorsement with the application for a change of beneficiary was not to be accounted for by his inability to procure them. The fact that the paper requesting the change was made only six days before his death from a wasting sickness when, as claimed by witnesses for the defendant, his mind was wandering, and when he was attended by persons interested in procuring the change of beneficiary, may throw some light on the fact that no effort was made at that time to obtain the policies. It is clear that the provisions of the policies with reference to a change of beneficiary were not followed in the case of the first two. The change was to be made "subject to the approval of the company," and the change to take effect on the endorsement of the same on the policy by the company. The provision in the contract with reference to a change of beneficiary was lawful and should be followed to make a substitution. The company had no authority without the consent of the named beneficiary to make a change after the death of the insured and there is no record in the case of any action by the company looking to a change after it received the notice on the 28th of May. The failure of compliance with this provision in the absence of evidence that the defendant caused it would preclude a change and the jury has found against the plaintiff on that point: Kress v. Kress, 75 Pa. Superior Ct. 404; N. W. Masonic Aid Association of Chicago v.

Jones, 154 Pa. 99. The second, third, and fourth assignments relate to the admission of evidence of payment of the premiums on the policies by the defendant. This evidence was evidently introduced for the purpose of establishing an equitable assignment under the alleged agreement between the defendant and her husband, but we regard it as competent evidence bearing on the contention of the plaintiff that the defendant wrongfully obtained and retained the policies against the will of her husband. The excerpt from the charge of the court contained in the fifth assignment merely refers to the testimony of the witnesses for the defendant called to prove the payment of premiums and was unobjectionable because the evidence was relevant in view of the manner in which the case was presented in behalf of the plaintiff. It follows from what has been said that the request for binding instructions and for judgment n. o. v. as suggested in the first assignment in behalf of the plaintiff could not have been granted.

As the court refused the requests of the defendant for instructions with reference to her right as an equitable assignee of the policies and the fund arising therefrom, it is unnecessary to consider the argument presented by the learned counsel for the appellee on that subject. The question could only arise on an appeal by the defendant if the verdict had been adverse.

The assignments are overruled and the judgment affirmed.