# Gannon, Appellant, *v.* Gannon.

*Insurance—Life insurance—Change of beneficiary—Rules of company—Affidavit of defense—Sufficiency—Case for jury—Anti-nuptial agreement.*

In a feigned issue, in the form of assumpsit, to determine title to proceeds of a life insurance policy, the plaintiff averred in his statement that he was designated in the policy as the beneficiary and that no change of beneficiary had been made in accordance with the terms of the policy. The defendant in her affidavit of defense admitted that the plaintiff was originally named as beneficiary but averred that the beneficiary was properly and legally changed; that the defendant had been substituted beneficiary under the policy, which gave the insured the right to change the beneficiary by endorsement on the policy; that plaintiff had refused to surrender the policy at the request of the insured; and that thereupon the insured wrote a letter to the company designating defendant as beneficiary. The defendant also averred that an anti-nuptial agreement had been executed whereby the insured agreed to designate the defendant the sole beneficiary under the policy in question.

Under such circumstances the case was for the jury and the court below properly discharged the rule for judgment for want of sufficient affidavit of defense.

While the general rule is that the holder of a policy of life insurance who desires to change the beneficiary can do so only in accordance with the terms of the policy, the court will give effect to the intention of the insured to change the beneficiary, by holding that the change has been accomplished when he has done all he could to comply with the provisions of the policy.

Where the consent of the company to the change of beneficiary is not required, the endorsement of the change of the policy is a mere formal and ministerial act on the part of the company, and is not a condition precedent to the taking effect of the change of beneficiary when the policy cannot be delivered to the company for procurement of the endorsement.

An anti-nuptial agreement, by which the intended wife is to be made the beneficiary under a policy of insurance on the life of

the intended husband, will be enforced as against a mere volunteer, if the wife has fully performed, although the husband never accomplished the change of beneficiary.

Argued March 2, 1926. Appeal No. 24, March T., 1926, by plaintiff, from order of C. P. Luzerne County, March T., 1925, No. 343, in the case of John J. Gannon v. Della Gannon. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Feigned issue, in the form of assumpsit, to determine title to proceeds of a life insurance policy. Before McLean, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The rule was discharged. Plaintiff appealed.

*Error assigned* was the order of the court.

*Frank A. McGuigan,* for appellant.

*J. Harold Flannery,* and with him *Evan C. Jones,* for appellee.

Opinion by Gawthrop, J., April 19, 1926:

This is an action of assumpsit in the form of a feigned issue to determine the title to a fund arising from a policy of insurance issued April 28, 1920, by the Mutual Life Insurance Company of New York on the life of Emmett Gannon. The parties to the issue are adverse claimants to the fund. The company admitted its liability on the policy and paid the money into court so that the rights of the claimants might be legally determined. The plaintiff is the father of the insured and the defendant is his wife. The state-

ment of claim avers that the insured died on October 19, 1924; that the plaintiff is the person designated as the beneficiary in the policy; that the policy was in his possession from the time it was issued; that he had paid all the premiums thereon; and that no change in the beneficiary had been made according to the terms of the policy which contained the following provision as to change of the beneficiary:

> "Death of beneficiary before insured: change of beneficiary. If any beneficiary die before the insured, the interest of such beneficiary shall vest in the insured, unless otherwise provided herein.
>
> If the interest of a beneficiary shall have vested in the insured, or if the right to change the beneficiary has been reserved, the insured, if there be no existing assignment of this policy, may, from time to time, while this policy is in force, designate a new beneficiary with or without reserving the right to change the beneficiary, by filing written notice thereof at the Home Office of the Company accompanied by this policy for suitable endorsement hereon. Such change shall take effect upon the endorsement of the same on the policy by the company. The right to change the beneficiary has been reserved."

The supplemental affidavit of defense filed admits that the plaintiff was the person originally designated as the beneficiary under the policy, and avers that the beneficiary was properly and legally changed by the insured as required by the policy; that at the date of the death of the insured the defendant was the beneficiary designated by the insured; that the insured orally informed her on or about October 1, 1924, that he had on or about that date mailed a letter to the insurance company at its home office, designating the defendant as the beneficiary under the policy, and that

she was unable to attach a copy of the letter because no copy of it was kept by the insured. It is admitted that the plaintiff had possession of the policy at the time of the death of the insured. It is denied that the plaintiff paid the premiums thereon. It is averred that about October 1, 1924, the insured demanded of the plaintiff that he deliver to him the policy in order that he might forward it to the company for endorsement of a change of the beneficiary, but that the plaintiff refused to surrender the policy. Paragraph thirteen is as follows:

> "Defendant further avers that on the fifth day of May, 1924, Emmett J. Gannon, in the City of Pittston, County of Luzerne and State of Pennsylvania, orally offered and agreed to make and designate her, the said defendant, the sole beneficiary in policies of insurance, in the Mutual Life Insurance Company of New York in the sum of Sixty-five Hundred ($6500) Dollars, and also in the life insurance policy of the United States Government in the sum of Ten Thousand ($10,-000) Dollars represented by him to be then in force, if she, the defendant, would marry him, the said Emmett J. Gannon. The defendant, in consideration of said promise and in reliance thereon, then and there agreed to marry him the said Emmett J. Gannon and did in compliance with such agreement marry him on the twelfth day of May, 1924, in the City of Pittston, Luzerne County, Pennsylvania."

This appeal is from the order of the court below discharging the rule for judgment for want of a sufficient supplemental affidavit of defense.

We are of one mind that the court below would not have been warranted in entering judgment for the plaintiff. The insured had the right to substitute the defendant as beneficiary in the method prescribed by

the policy.   While the general rule is that the holder
of a policy of life insurance who desires to change the
beneficiary can do so only in accordance with the terms
of the policy, Kress v. Kress, 75 Pa. Superior Ct. 404;
Herrod v. Kimbrough, 83 Pa. Superior Ct. 238; and
Grant v. Faries, 253 Pa. 232, there is abundant au-
thority for the rule of law that the courts will give
effect to the intention of the insured to change the
beneficiary by holding that the change has been accom-
plished where he has done all he could to comply with
the provisions of the policy, as where he sent a proper
written notice or request to the home office of the com-
pany, but was unable to send the policy by reason of
circumstances beyond his control, or where it has been
lost or was in the possession of another person who re-
fused to surrender it or was otherwise inaccessible:
37 Corpus Juris 583.   Where, as in the policy involved
in this suit the consent of the company; to the change
of beneficiary is not required, the endorsement of the
change of the policy is a mere formal and ministerial
act on the part of the company and is not a condition
precedent to the taking effect of the change of bene-
ficiary when the policy cannot be delivered to the com-
pany for procurement of the endorsement:   37 Corpus
Juris 583.   This rule was recognized by us in Herrod
v. Kimbrough, supra, in which one of the policies con-
tained a change of beneficiary clause which provided
that the change could be made without the consent of
the company, and that the change should take effect
upon the endorsement of the same on the policy by the
company.   The plaintiff undertook to account for the
omission to forward the policy to the company by
showing that they were in the possession of his wife
who refused to deliver them to him.   The court con-
fined the issue submitted to the jury to the inquiry
whether the insured did everything within his power
to comply with the terms of the policy relating to the
change of beneficiary and instructed the jury that if he

did their verdict should be for the plaintiff and that under such circumstances the company's endorsement of the change of the beneficiary on the policy was not necessary. We approved this instruction. This exception to the general rule that the provisions of the policy control the method of changing the beneficiary was recognized in Kress v. Kress, supra, where we said that the insured did not do all that he could do to meet the conditions of the policy. The supplemental affidavit of defense under consideration fairly raises the questions whether the insured filed with the company a written notice designating a change of beneficiary, and whether he did everything else that he reasonably could do to meet the conditions of the policy affecting his right to change the beneficiary.

The averment of an anti-nuptial agreement, as set forth in paragraph thirteen of the supplemental affidavit of defense, raises another definite issue for a jury, namely, whether there was an anti-nuptial contract, intended by the parties at the time it was made, to operate as a transfer of the benefits under the policy to the intended wife if she fulfilled on her part the contract of marriage. In Pa. R. R. v. Wolfe, 203 Pa. 269, a case closely resembling the case at bar, it was held that where a member of a railroad beneficial association after the death of his first wife substituted his sister as the beneficiary in a manner provided by the rules of the association, and subsequently married after having made an anti-nuptial agreement, by which, in consideration of the marriage, he agreed to make his second wife the beneficiary instead of his sister, and he died before making the substitution, the wife and not the sister was entitled to the fund which the association had paid into court. This conclusion was reached by applying the principle that equity will treat that as done which ought to have been done. We followed the rule declared in that case in Broadrick v. Broadrick, 25 Pa. Superior Ct. 225. In Grant v.

Faries, supra, the Supreme Court cited Pa. R. R. v. Wolfe with approval and distinguished the case before it from that case on the ground that there was no contract to designate the plaintiff as beneficiary. Failure to have the wife's name inserted as the beneficiary in the policy on the records of the company did not affect her right to the fund as against a mere volunteer. Whether the plaintiff is a mere volunteer or whether he has equities superior to those of the defendant is a question which can only be determined after the evidence is presented. We are constrained to hold, therefore, that the learned judge of the court below was right in holding that the pleadings made an issue for a jury.

The judgment is affirmed.