## Ruggeri, Admrx., et al. *v.* Griffiths, Guardian, Appellant.

Argued April 11, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. F. Mahoney,* with him *W. M. Parnell,* for appellant.

*D. J. Boyle,* and *R. A. Freiler,* for appellee, were not heard.

Per Curiam, June 30, 1934:

These proceedings in the form of a feigned issue were instituted to determine the right of the parties to a fund arising out of a policy of insurance issued by the Prudential Insurance Company to Pasquale Ruggeri who died May 17, 1931. The original beneficiary was his daughter, Angelina Ruggeri, who at the time of beginning the action was a minor, but since the appeal to this court has become of full age, and by order of court has been substituted as appellant in place of her guardian.

The main question for determination is the validity of a change of beneficiary made by insured a few days before his death, which provided that his daughter Angelina should receive two-fifths of the amount of the insurance, his sister-in-law Elizabeth Ruggeri, two-fifths, and his brother Dominic Ruggeri, one-fifth. The jury awarded in favor of plaintiffs in the portions above indicated. Upon refusal of the lower court to grant a new trial or enter judgment n. o. v. for the minor Angelina Ruggeri, the guardian appealed. Defendant contends the change of beneficiary is not a legal and valid act, inasmuch as it was not endorsed on the policy by the insurance company until after the death of the insured. The record discloses that on May 13, 1931, J. J. Mooney, assistant superintendent of the Prudential Insurance Company called at the home of decedent and was informed that the insured desired to change the beneficiary in the policy. Mooney, not having a regular form with him, wrote out the desired changes on a memorandum which was then signed by insured and witnessed. On May 15, 1931, Mooney returned to the home of insured with a regular printed form for

change of beneficiary, which Ruggeri signed in blank. On this occasion the insured stated to the company's officer that he desired payment of the value of the policy to be made in the proportions stated above, and the form was subsequently filled in at the office of the insurance company in accordance with these instructions. A rider to this effect was attached to the policy at the home office of the company on May 19th, the insured having died two days previously.

We recently held in Riley v. Wirth, 313 Pa. 362, that where an insured wishes to change the beneficiary in a policy and makes every reasonable effort under the circumstances to accomplish that result, the change is effective even though not endorsed on the policy until after the death of insured. This is particularly true where the insurance company waives compliance with a provision of the policy relating to change of beneficiary inserted for its benefit, as was the case here. The papers executed on May 13th and 15th, when considered with the testimony of Mooney, tended to show insured's intention, and their admission in evidence was not error. As stated by the learned judge of the court below: "The change was effected if the insured sent a request for the change to the company, even though the company did not attach the change to the policy until after the death of the insured: Herrod v. Kimbrough, 83 Pa. Superior Ct. 238; Gannon v. Gannon, 88 Pa. Superior Ct. 239; Sanes' Estate (No. 1), 91 Pa. Superior Ct. 466."

Judgment affirmed.