### PHŒNIX MUT. LIFE INS. CO. OF HARTFORD, CONN., v. REICH et al.
#### Civil Action No. 2231.

District Court, W. D. Pennsylvania.
Jan. 30, 1948.

---

888

Smith, Buchanan & Ingersoll, of Pittsburgh, Pa., for plaintiff.

E. Y. Calvin, of Beaver Falls, Pa., for defendant William P. Reich.

Wilbur F. Galbraith and Helge G. Florin, both of Pittsburgh, Pa., for defendant Della Josephine Reich.

WALLACE S. GOURLEY, District Judge.

This interpleader action was instituted by the Phoenix Mutual Life Insurance Company of Hartford, Connecticut, under

the provisions of the Act of January 20, 1936, Ch. 13, Sec. 1, 28 U.S.C.A. § 41, subdivision (26).

The defendant Della Josephine Reich is a citizen and resident of Akron, Ohio. The defendant William P. Reich is a citizen and resident of the Borough of West Bridgewater in the Western District of Pennsylvania.

The complainant has paid into the registry of this Court the proceeds of a certain life insurance policy to which the defendants have asserted claims. The life insurance contract, No. 280,761, was executed and delivered to Leonard A. Reich, the insured, providing, inter alia, for the payment of $1,000 upon due proofs of death of the insured. The beneficiary named in the original contract was Matilda E. Reich, with right of revocation. On April 13, 1931, the said Leonard A. Reich, in accordance with the provisions of the contract relating to change of beneficiary, named Della Josephine Reich, his wife, if living at his death, as payee or beneficiary, and if not then living, Kathleen Reich, the daughter of the insured, if living, reserving again the right of revocation.

The insured, Leonard A. Reich, died on June 7, 1942. The amount payable under the provisions of said policy, including the dividends, was $1,241.36. The Court by previous Order has directed the payment of certain costs and attorneys' fees in connection with the filing of said complaint, so that the balance now remaining in the registry of said Court is $1,083.44.

Della Josephine Reich and Leonard A. Reich were married on June 1, 1926. They resided together without marital difficulties of a serious nature until December 6, 1939, on which date Leonard A. Reich filed a libel in divorce in the Court of Common Pleas of Beaver County, Pennsylvania. On January 3, 1941, a Master was appointed to hear said divorce proceeding, but due to the illness and resulting death of Leonard A. Reich on June 7, 1942, the divorce proceeding was not adjudicated.

Subsequent to the death of Leonard A. Reich on June 7, 1942, two adverse claims were made against the Phoenix Mutual Life Insurance Company for the proceeds of said policy:

(a) The claim of Della Josephine Reich was based on an absolute assignment made to her by Leonard A. Reich during the late spring or early summer of 1931 of all his right, title, interest, claim and ownership in and to said policy.

(b) The claim of William P. Reich was based on a change of beneficiary executed by Leonard A. Reich in his behalf on the 9th day of July, 1941.

In an interpleader action each defendant or claimant, after the interpleader is awarded and it is directed that an issue be framed, occupies the position of the plaintiff. Each must state his claim and answer that of the other so that issue between them is joined. It does not matter which one of the claimants or the defendants is designated as the plaintiff since each must establish his own claim by the fair preponderance of the evidence. Equitable Life Assur. Soc. of U. S. v. Kit, et al., D.C., 22 F.Supp. 1022; 33 C.J. 459, 48 C.J. S. Interpleader § 35; Cyclopedia of Federal Procedure, 2nd Edition, Vol. 6, Para. 2222.

In the first instance whether the claim of Della Josephine Reich to the proceeds of the policy on the basis of an assignment, or the claim of William P. Reich as designated beneficiary, is accepted by the Court, neither claimant complied with the terms and provisions of the insurance contract. As to assignments, the policy provides:

"The Company assumes no responsibility for the validity of any assignment, and shall not be held to have notice of any assignment of this policy until the original assignment, or a copy thereof, is received at the Home Office of the Company while this policy, or any extended term insurance guaranteed hereunder, is in force according to the Company's records; all assignments shall be subject to any interest the Company may have in this policy.

"An assignment of this policy by the Insured in accordance with its provisions shall work a revocation of the pro tanto interest of all prior Payees herein designated and shall constitute the assignee a beneficiary to the extent of the interest assigned, and the equity over said assignment shall remain in the last designated Payee until changed as herein provided. No assign-

ment, pledge or conveyance of any interest of any Payee nominated in this policy shall be of any effect whatsoever unless the Insured makes and executes the same or joins therein."

As to change of beneficiary, the policy provides:

"It is understood and agreed by all parties that may be interested herein: That the Insured, if there is no outstanding assignment of this policy, made as herein provided, in which the Insured has joined, may, whenever and as often as he desires, change any Payee then last named under this policy and designate a new Payee, with right of revocation, by an endorsement of such change on or by a writing to be attached to this policy, substantially in the form indorsed hereon, provided, however, that any such desired change shall not take effect unless nor until said endorsement or "writing," duly executed by the Insured, together with this policy shall be received at the Home Office of the Company for record while this policy, or any extended term insurance guaranteed hereunder, is in force according to the Company's records."

Testimony was offered by the claimant Della Josephine Reich that in 1931 certain repairs and improvements were made to the home which was occupied by the parties, and, in connection therewith, Leonard A. Reich experienced difficulty in making payment of the costs incident thereto. That Della Josephine Reich had financial resources of her own in the approximate amount of $1100, which funds had been secured through the settlement of an automobile accident in which she had been involved. That during the late spring or early summer of 1931 the parties consulted a member of the Bar in Beaver County, Pennsylvania, by the name of Joseph Knox Stone. That the circumstances were explained and Attorney Stone suggested that if it were the desire of Della Josephine Reich to advance the necessary funds to meet the expenses incurred, deeds could be drawn in order that title to the real estate would be placed in the names of the parties as tenants by the entireties. At first impression this seemed satisfactory, and the deeds were so drawn; but when the parties returned a short time thereafter, Leonard A. Reich stated that since he had inherited the property and for sentimental reasons it was not desired by him to place the title in both names. As a result thereof, it was agreed that Leonard A. Reich should execute an assignment of all his right, title, interest, claim and ownership in and to said policy to Della Josephine Reich, which assignment was to remain in full force and legal effect until such time as Leonard A. Reich would repay to Della Josephine Reich the advancements which she would make in approximate amount of $1,000 for the costs incurred in the repair and improvement of said property. That this was satisfactory to the parties and, as a result thereof, Attorney Stone prepared an assignment in triplicate. Two copies of the assignment were attached to the policy in order that the insurance company would have a copy for its files and a copy could remain permanently with the policy, and a copy was retained by Attorney Stone. That the attachments were made with a paper clip, Attorney Stone witnessed the assignment, and it was the understanding of the parties that Leonard A. Reich would forward the insurance policy to the insurance company for proper attention. After the serious domestic differences arose in 1939, Della Josephine Reich observed that her husband had looked at the policy, which had been kept in a dresser at their home, and that the assignment was missing from the policy. That as a result thereof, the policy was taken by Della Josephine Reich and kept in her possession, or that of a friend, until after this litigation arose. That in June of 1939, Della Josephine Reich communicated with the insurance company and advised that she had a claim to the proceeds of the policy and that no payments of any nature were to be made to Leonard A. Reich, or a new policy issued without her knowledge or consent.

On the basis of the above set of facts, Della Josephine Reich contends that although the assignment was never forwarded to the insurance company and accepted, a just legal claim exists to the proceeds and dividends standing to the credit of said policy.

Testimony was offered by William P. Reich in support of his claim that an absolute assignment was never executed by Leonard A. Reich during the late spring or summer of 1931, or at any other time. That after the death of the mother of Leonard A. Reich, who was the original beneficiary of said insurance contract, which was issued by the company on January 8, 1913, Leonard A. Reich executed a change in beneficiary on April 8, 1931, which was accepted on April 13, 1931, in which Della Josephine Reich was made the primary beneficiary and Kathleen Reich, a step-daughter, was made the secondary beneficiary. That subsequent to the marriage of the parties, Leonard A. Reich purchased a parcel of ground and constructed the dwelling where the parties resided. That repairs and improvements were made to the dwelling and funds of Della Josephine Reich were used in connection therewith. That Leonard A. Reich changed the beneficiary in said policy to his wife in April of 1931 in order to protect his wife for the moneys which she had invested in said property, and, in addition thereto, placed in her possession bank books of two separate accounts together with a policy in another company. That subsequent to the filing of the divorce proceeding on December 6, 1939, hearings were held before the Court of Common Pleas of Beaver County in connection with the obligation of Leonard A. Reich to make payment of the necessary legal expenses to defend the action and for the payment of alimony pendente lite. That during these hearings Leonard A. Reich maintained the position that his wife, without the knowledge or consent of her husband, took possession of certain articles of personal property, among which was the life insurance contract in question. That Della Josephine Reich during said litigation admitted that it had been agreed that she would hold said items of personal property, together with the life insurance policy in question, until the advancements which were made by her for the repair and improvement of the home would be repaid. That Della Josephine Reich relied upon the statement of her husband that it would not be necessary to sign, or assign, or otherwise transfer any of the bank accounts or policies to her, and she would not require that such an assignment be made. That in addition to setting forth said facts in an affidavit form, Della Josephine Reich so testified at the time of hearing. That Leonard A. Reich furthermore extended efforts, through his legal counsel, to secure possession of the policy involved herein, and filed a replevin action in the Court of Common Pleas of Beaver County on April 18, 1940, for the possession of said policy and the other items of personal property. Said proceeding was duly served by the Sheriff of Beaver County on April 20, 1940, and the Sheriff was informed by Della Josephine Reich that she did not have said policy. That at the time of the hearing before the Court in connection with the question of alimony, which was heard during June, 1940, Della Josephine Reich testified that the policy was in the possession of her attorney, Joseph Knox Stone, said attorney being present in court at said time. As a result thereof, an alias writ of replevin was issued on June 7, 1940, for the possession of said policy in which Della Josephine Reich and Joseph Knox Stone, Attorney for Della Josephine Reich, were named as party defendants. Said proceeding was duly served by the Sheriff of Beaver County on Joseph Knox Stone on June 28, 1940, and on Della Josephine Reich on July 2, 1940. Neither of said parties filed an answer or entered an appearance to either the original replevin action filed on April 18, 1940, or to the alias writ of replevin which has just been referred to. That on February 8, 1943, a suggestion of the death of Leonard A. Reich on June 7, 1942, was filed in the Prothonotary's Office of Beaver County, and William P. Reich, the executor of the estate of Leonard A. Reich, was duly substituted as party plaintiff. That on February 8, 1943, a praecipe for the entry of judgment was duly filed in the Prothonotary's Office of Beaver County, and judgment for the possession of said policy was entered in favor of William P. Reich, the executor of the estate of Leonard A. Reich, deceased, and against Della Josephine Reich in default of an appearance and an affidavit of defense.

It is also contended by the claimant, William P. Reich, that the entry of the judgment for the possession of said policy,

without consideration of the other matters involved herein, finally adjudicates any liability or claims which Della Josephine Reich might have to the dividends or the proceeds of the policy in question.

Della Josephine Reich contends that she consulted an attorney to properly protect her interests, and she does not know why appropriate consideration was not given the defense to the replevin action. That the default judgment which was entered in the replevin action was not in accordance with the provisions of law and, hence, it is of no legal effect or value.

■ In the replevin action filed in the Court of Common Pleas of Beaver County, Pennsylvania, the Court had full and complete jurisdiction. The default judgment entered thereon would not be affected if it had been entered in accordance with the provisions of law. A judgment for want of an affidavit of defense or for other default is as conclusive as one entered on a verdict. Stradley v. Bath P. Cement Co., Appellant, 228 Pa. 108, 77 A. 242, 139 Am. St.Rep. 993.

■ The entry of the judgment for the goods described in the writ of replevin would do nothing more than determine the right of the plaintiff to the possession of the goods. The plaintiff, if the judgment had been properly entered, could then have filed a writ of retorno habendo which would have required the defendant to deliver the possession of the policy to the plaintiff.

■■ One who has notice of a replevin suit brought to determine the ownership of property, and authorizes an attorney to take such action as may be necessary, or consults an attorney generally in connection therewith, is concluded by the result of the litigation. Where the decree of a court of competent jurisdiction has passed upon a question in which different persons are interested, such decree is conclusive against all parties to the controversy who had a right and an opportunity to be heard. Rice, Appellant, v. Braden, 243 Pa. 141, 149, 89 A. 877.

■ Relief will be granted from a judgment entered by default, as a result of the mistake or oversight of counsel, where application is properly made, a reasonable explanation or excuse for the default offered, and the defense shown upon the merits. There must be due diligent grounds for opening the judgment. Planters Nut & Chocolate Co. v. Brown-Murray Co., Inc., Appellant, 128 Pa.Super. 239, 244, 193 A. 381.

■ The mere statement that the failure to file an answer was due to inadvertence or oversight on the part of counsel is not a sufficiently reasonable explanation or excuse to call for the application of the rule. The mere mixing of papers in an attorney's office is not sufficient. Page v. Patterson, Appellant, 105 Pa.Super. 438, 440, 161 A. 878; Stern v. Bowers, 70 Pa.Super. 592.

■■ In connection with a replevin action where a failure to file an answer was not due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the defendant, but is based on the result of decision, after due deliberation, not to defend, the judgment cannot be questioned. If the procedure followed in the entry of the default judgment had been in accordance with law, it would be improper to permit the legal sufficiency of the judgment entered for the possession of the policy to again be brought to issue. To permit such question being raised would be to adopt and apply a rule in litigation which would involve the courts in constant setting aside of proceedings on the alleged ground that parties had been ill-advised by their counsel. There would be no certainty in procedure, and no end to litigation if such a principle of law were adopted. Kanai v. Sowa, 109 Pa. Super. 426, 167 A. 429.

■ Where a person permits judgment to be entered by default in a replevin action, the suit determines not only what was, but what might have been litigated therein, and the judgment for want of an affidavit of defense or for other default is as conclusive as if fully litigated. Exler, Appellant, v. Wickes Bros., 263 Pa. 150, 106 A. 233; 128 A.L.R. 472.

■ The Replevin Act clearly authorizes judgment in favor of the plaintiff and against the defendant for want of an

affidavit of defense; the declaration and affidavit of defense constitute the issues under which, without other pleadings, the case proceeds to disposition. A writ of replevin is not, in Pennsylvania, altogether a proceeding in rem, but against the defendant personally, with a summons to appear. Hoyt v. Carson, Appellant, 60 Pa.Super. 172.

However, the Replevin Act of April, 1901, P.L. 88, Section 5, March 19, 1923, P.L. 14, Para. 1, 12 Purdon's Penna. Statutes Annotated, § 1837, further provides:

"If the defendant has been duly summoned and does not appear at the return-day of the writ, the plaintiff, having filed his declaration, may file a common appearance for the defendant, and proceed in the cause as in other cases." (Also see 12 Purdon's Penna. Statutes Annotated, Section 1834. Notes of Decisions 2, p. 50.)

The common appearance is entered for the defendant pro hac vice by the plaintiff's attorney. The defendant is then notified of the entry of the common appearance, and notified to file an affidavit of defense within fifteen days from the date thereof, or judgment may be rendered in default of same. This procedure was not followed in the replevin action which was filed against the defendant Della Josephine Reich. On February 8, 1943, a praecipe for the entry of judgment was filed with the prothonotary for the goods described in the writ of replevin, in default of an appearance and an affidavit of defense. The judgment in replevin was, therefore, irregularly entered since a common appearance for the defendant was not filed before the entry of said judgment. Since the proceeding was statutory, strict compliance was necessary, and the statute not having been complied with, the judgment is not regular. Pitt Furniture Co. v. Williams et al., 78 Pittsburgh Legal Journal 78; Standard Penna. Practice, Vol. 10, Para. 75, page 641.

If a rule to open the judgment had been filed, it would have been necessary for the court to make said rule absolute. The title to the insurance policy was not, therefore, finally adjudicated in said replevin action.

In connection with the assignment to Della Josephine Reich, she offers no explanation as to why the insurance contract was not forwarded to the company other than that she relied on the representations of Leonard A. Reich that such procedure would be followed. The policy was at all times accessible to her since it was kept in the home where the parties resided as man and wife for a number of years. It was not until severe domestic differences arose during the year 1939, and more particularly in June of 1939, that Della Josephine Reich communicated with the company in connection with her alleged claim by virtue of an assignment. Leonard A. Reich, the insured, did not forward the policy to the company on July 9, 1941 when the beneficiary or payee was changed from Della Josephine Reich to William P. Reich, his brother, for the reason that the policy was in the possession of Della Josephine Reich and she refused to make the policy available for him although a replevin proceeding had been filed for its possession.

On July 9, 1941, Leonard A. Reich executed a notice of change of beneficiary, the material parts of which were as follows:

"Notice of Change of Beneficiary

"The present beneficiary designation of Policy No. 280761 issued by the Phoenix Mutual Life Insurance Company of Hartford, Connecticut, is hereby revoked. Subject to the provisions of said policy and the right reserved to the insured to change this or any subsequent designation, said policy shall be payable as a death claim to the beneficiaries as designated below in Paragraph Numbered 4.

"4. Primary and Contingent Beneficiaries.

"To the following beneficiaries:

"Primary William P. Reich — Brother

"Contingent Hilda Reich Robinson — Sister

"In the event no beneficiary herein designated is living at the death of the insured, said policy shall be payable to the executor, administrator, or assignee of the insured. If said policy is an annuity the word 'insured' as used herein shall refer to the 'annuitant' under such annuity policy. The undersigned agrees to protect

894

the Company against all claims or demands adverse to the change provided for herein. "Dated at West Bridgewater this 9th day of July, 1941.

"/s/ Leonard A. Reich
"Insured."
"Witness: D. S. Knupp, M. D.
"G. L. Morrow"

It might be well to comment that the insured, Leonard A. Reich, reserved the right to change the beneficiary or designated payee without limitation, and it is admitted that the change of beneficiary to William P. Reich, dated July 9, 1941, was executed and delivered to the insurance carrier on or about July 14, 1941, without the life insurance contract for the reason that the policy could not be secured by Leonard A. Reich. As a result of the efforts extended and request executed by Leonard A. Reich to change the beneficiary, if a prior absolute assignment had not been executed by Leonard A. Reich in favor of Della Josephine Reich, as to the proceeds of said life insurance contract, William P. Reich would unquestionably be entitled to the proceeds and the dividends standing to the credit of the policy.

Where a policy of life insurance provides that the change of beneficiary shall take effect only when an application has been duly executed by the insured, and filed together with the policy at the home office of the company, the mode prescribed by the policy must be followed. Sproat, Appellant, v. Travelers Insurance Co., 289 Pa. 351, 137 A. 621; Grant v. Faires, Executor, Appellant, 253 Pa. 232, 97 A. 1060; Stoll et al. v. Boyle, 116 Pa.Super. 64, 176 A. 43; Kress, Appellant v. Kress, 75 Pa. Super. 404; Shoemaker et al. v. Sun L. Ins. Co. of America, 101 Pa.Super. 278.

Furthermore, the payment of the proceeds of a life insurance policy into court by the insurer in discharge of its liability on the policy is conclusive proof of waiver of the provisions by the insurance company as to the procedure to be followed for change of beneficiary. Riley v. Wirth, 313 Pa. 362, 169 A. 139; Shay Appellant, v. Merchants Banking Trust Co., 335 Pa. 101, 6 A.2d 536; Skamoricus v. Konagiskie, Exrx., Appellant, 318 Pa. 128, 177 A. 809; Ruggeri, Admrx., et al. v. Griffiths, Appellant, 315 Pa. 455, 173 A. 396.

The payment of the fund for which the company is liable under the insurance contract to a stake holder or to the court, where there are rival claimants to await the legal adjudication of their respective claims, does not constitute a waiver of the rights of either party. In such case the fund takes the place of the company's liability and the rights of the claimants are unchanged. Grant v. Faires, Executor, Appellant, supra.

While the general rule is that the holder of a policy of life insurance who desires to change the beneficiary can do so only in accordance with the terms of the policy, the law will give effect to the intention of the insured to change the beneficiary, by holding that the change has been accomplished when the insured has done all that could be done to comply with the provisions of the policy. Where the consent of the company to the change of beneficiary is not required, and the only provisions are that the desired change shall not take effect until the endorsement or right executed by the insured, together with the policy, shall be received at the home office of the company for record, the endorsement of the change of the beneficiary is a mere formal and ministerial act on the part of the company, and is not a condition precedent to the taking effect of the change of beneficiary when the policy cannot be delivered to the company for procurement of the endorsement. Gannon, Appellant, v. Gannon, 88 Pa.Super. 239; Estate of I. K. Sanes, 91 Pa.Super. 466; Brauner, Appellant, v. Corgan et al., 316 Pa. 196, 173 A. 397; Riley v. Wirth, supra.

I believe the insured, Leonard A. Reich, intended to change the beneficiary in said policy from Della Josephine Reich, his wife, to William P. Reich, his brother. I further believe that Leonard A. Reich extended every reasonable effort under the circumstances to carry out that intention. Since every possible effort was extended to secure possession of said policy, the consent of the company to the change of the beneficiary was not required. The endorse-

ment of the change on the policy would have been a mere formal or administerial act on the part of the company, and was not a condition precedent to the taking effect of the change of beneficiary. Furthermore, by paying the money into Court, the company waived its right to insist upon literal compliance with the terms of the policy respecting change of beneficiary, and since the provisions for endorsement of the change on the policy is for the protection of the company, absence of the endorsement does not avail in favor of the rival claimant.

The comment which has been made as to the legal effectiveness of the change of beneficiary would also have application to an assignment if one had been duly executed by the insured, Leonard A. Reich, in favor of Della Josephine Reich, his wife. This would be true though the policy had not been delivered with the assignment.

A provision in a life insurance contract that no assignment should be of any force or effect unless the original assignment, or a copy thereof, is received at the home office of the company is intended for the protection of the company in making payments of insurance, but does not affect the force or validity, as against the insured, of any contract between the insured and a third person as to the ultimate receipt and enjoyment of the proceeds of the policy. In re Baird, D.C., 245 F. 504.

As to the assignment, I do not believe that one was ever executed by Leonard A. Reich in favor of his wife. In the affidavit signed in relation to the divorce proceeding, Della Josephine Reich specifically set forth that no assignment was made of said policy and, in fact, it was set forth that the money was advanced to her husband upon his statement that it would not be necessary to assign or otherwise transfer said policy, and that she would not require such an assignment to be made. She furthermore testified to this fact at the time of hearing in connection with the question of alimony. After a writ of replevin was filed for the policy, no answer was filed by her or her attorney although service had been duly made at the time of the original issuance of the writ, and subsequently when an alias writ was issued. If an assignment had been made of the policy, a perfect defense would have existed to the replevin action, as far as the policy in question is concerned, and that was the time when she should have spoken. In June of 1939, after the domestic differences became severe, Della Josephine Reich wrote and stated to the insurance company:

"In regard to a family dispute, I have Policy No. 280761 on the life of Leonard A. Reich. I have been advised to notify you by my attorney-at-law not to issue any new policies or make any loans, or release values of any sort on this contract as a suit would be brought upon Phoenix Mutual for whatever release or change was made by the company."

In this letter no mention was made of an assignment and if the conditions existed as now related by Della Josephine Reich, I cannot bring my mind to a satisfactory explanation as to why some definite reference to the assignment or some action was not taken during the life time of Leonard A. Reich.

The assignment of a life insurance policy is the transfer by the individual to whom the policy was issued of his right or interest in said property to another person, and rests upon contract, and, generally speaking, the delivery of the thing assigned is necessary to its validity. Mutual Ben. Life Ins. Co. v. Sweet, 6 Cir., 222 F. 200, Ann.Cas.1917B, 298.

In this case, the insured, Leonard A. Reich, did not deliver the policy to Della Josephine Reich, his wife. It was kept at a place in his home where each had access to the personal property of the other. Possession of the policy was gained through the wife taking it without the consent of her husband. When the fact was ascertained, he extended every possible effort, even by the filing of a replevin action, to regain possession. The assignment about which Della Josephine Reich complains would, therefore, never become legally effective, for even assuming the assignment to have been made, the policy was never delivered to the company for said purpose nor was the policy ever absolutely or unequivocally delivered to her. If the theory of Della Josephine Reich would be accepted as true, the actions of Leonard A. Reich would amount, at the

most, to the obtaining of the money of his wife on the basis of false pretenses or repre-, sentations. This would have extended to the wife the right to maintain an action against her husband, when the fact was ascertained, for the recovery of the financial loss which she sustained as a result thereof.

The Court should frown upon the acceptance of explanations, which are tinged with questionable circumstances, when made after the other party involved has died, and no possible opportunity exists to contradict, deny or explain the other side of the story, if one exists.

In addition thereto, no explanation has been made by Della Josephine Reich as to why Leonard A. Reich changed the beneficiary on his insurance contract on April 8, 1931, which was recorded on April 13, 1931, wherein his wife was designated as the beneficiary, and the daughter of his wife by a first marriage, Kathleen Reich, was designated as the contingent beneficiary. Della Josephine Reich stated that when the question of advancing the money for the repair and improvement of the property first arose, she and her husband consulted Attorney Stone in the spring of 1931. She also states that after it was agreed that certain advancements should be made, her husband took the policy and kept it for a short period of time. It is my judgment that the paper which Leonard A. Reich executed in the office of Attorney Stone was the change of beneficiary rather than an assignment of the policy, and that he carried out his intention by having the change endorsed on the policy.

If Leonard A. Reich made a parol gift of the policy of life insurance by a physical delivery of the policy, a written assignment would not be necessary. Hani v. Germania Life Ins. Co., 197 Pa. 276, 47 A. 200, 80 Am.St.Rep. 819.

However, I do not believe it has been established that the life insurance policy was delivered by Leonard A. Reich to his wife and, therefore, the principle of law to which reference has just been made would not have application.

It is my opinion that Della Josephine Reich has failed to establish her claim to said fund.

I further believe William P. Reich has established his claim to said fund as designated beneficiary.

William P. Reich has further established by the preponderance or weight of the evidence that no assignment of said policy was executed by Leonard A. Reich to Della Josephine Reich.