## McMillen v. The Travelers Insurance Co.

*Anthony A. Seethaler, Jr.*, for plaintiff.
*George P. Geyer, Jr.*, for claimant Neva Marie McMillen.

DOYLE, *J.*, October 25, 1982—At the time of his death Frank R. McMillen (decedent) was an employee of the Norfolk and Western Railway Company (N & W) and the named insured on a policy of life insurance issued by Travelers Insur-

ance Company (Travelers) under group insurance policy No. GA-23,000 (the policy). The policy provides for both health insurance to the decedent and members of his family and for a $6,000 death benefit payable to a designated beneficiary. The policy further provides that if no beneficiary is designated, the proceeds are payable to the surviving spouse or children of decedent.

Decedent died on February 21, 1980 survived by his former wife, Neva Marie McMillen (Neva) who is the named beneficiary of the $6,000 death benefit payable under the policy. Decedent named Neva as beneficiary on August 15, 1961 during their marriage. Neva and decedent were divorced in 1966. Decedent married plaintiff on August 28, 1971.

From 1961 through 1970 decedent was an hourly/union employee of the railroad; from 1970 through 1978 he was a salaried employee. In 1978, decedent reverted to an hourly/employee position. The group policy involved was in effect only during decedent's tenure as an hourly/union employee of N & W.

Plaintiff commenced the captioned action to recover the death benefit payable under the policy. A petition for interpleader was filed by defendant noting the existence of first wife, Neva, as the designated beneficiary of the policy. The interpleader petition was granted by order dated July 10, 1981. Accordingly, Neva filed her complaint asserting her right to the policy proceeds as the named beneficiary. Travelers paid the amount of the death benefit into court pursuant to an order dated September 2, 1981 and was discharged from liability to the contestants for the proceeds.

Plaintiff asserts that several indicia of decedent's intent to designate her as beneficiary of the policy are sufficiently cogent to impel the factfinder to

ignore the prior written designation of Neva as beneficiary. Plaintiff asserts that decedent's desire to name her as beneficiary is supported by the absence (from decedent's copy of a booklet explaining the provisions of the policy) of a form supplied by Travelers. The form is to be used to designate or change a beneficiary of death benefits payable under the policy. The absence of the form, considered in conjunction with statements made by decedent to his lawyer and to other persons that he had named plaintiff as the beneficiary of all insurance policies prior to his death, is offered by plaintiff as conclusive evidence of her right to the policy proceeds.

Travelers denied that decedent made or attempted to make any change, written or otherwise, of the designated beneficiary. Travelers explained that the booklet supplied to decedent contains clear language to the effect that upon re-instatement of group coverage (when decedent returned to his status as a union hourly employee) previous beneficiary designations will be honored by Travelers.

Plaintiff further urges that decedent mistrusted his former wife Neva and argues that that fact, coupled with his change of beneficiary designation (to plaintiff as beneficiary) on other insurance policies owned by decedent, strongly indicates decedent's intent to make plaintiff the beneficiary of the policy involved in this litigation.

While the argument may furnish a basis for inferring decedent's intention, it is well settled that intention alone, unaccompanied by delivery of a written change of beneficiary as required by the policy, is insufficient to effect a legally enforceable change in the designated beneficiary: Prudential Insurance Company of America v. Bannister, 448 F., Supp. 807 (W.D. Pa., 1978); Gannon v. Id., 88

Pa. Super. 239 (1926). Moreover, decedent's designation of plaintiff as the beneficiary of other policies of insurance strongly indicates that he was capable of changing beneficiaries when he wanted to make such changes and knew the procedure for accomplishing such changes. At best plaintiff's evidence on the point is ambivalent. The likelihood of decedent's ignorance of proper beneficiary change procedure is further diminished by testimony that decedent served as the labor union representative who explained group insurance benefits and procedures for their utilization to other union employees of the N & W railroad. Plaintiff's own witness testified that decedent was familiar with the procedure for effecting a change of beneficiary.

The existence of a separation agreement entered into by decedent and Neva prior to their divorce is also urged as a ground for denying Neva any right under the policy. The conversations which allegedly rise to the status of a legally enforceable agreement are general in nature and do not specifically address the instant policy or any other insurance policy. The conversations do not constitute a legally enforceable contract which abrogates the named beneficiary's right to the policy proceeds: Equitable Life Assurance Society v. Stitzel, (1 Fiduciary Reporter 2d 316, Cumberland County, Pa., 1981).

Finally, plaintiff urges that her status as residuary legatee in decedent's Last Will and Testament is significant in assessing her rights: 20 Pa.C.S.A. §6108(a) (Decedents, Estates & Fiduciaries) provides that life insurance proceeds are *non-testamentary assets*, thus foreclosing argument on the point.

Neva Marie McMillen, the named beneficiary of

group insurance policy GA-23,000, is entitled to the proceeds of that policy.

An appropriate order will be entered.

## ORDER

And now, October 25, 1982, we find in favor of claimant Neva Marie McMillen and against plaintiff Catherine M. McMillen and award the funds deposited with the prothonotary to Neva Marie McMillen.